

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,538-01

### EX PARTE MARK EDWIN GUIDA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-63747-V(A) IN THE 292nd DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Guida v. State*, No. 05-14-01626-CR (Tex. App.—Dallas May 13, 2016) (not designated for publication).

Applicant contends, among other things, that his trial counsel[1] rendered ineffective assistance

---

[1] Applicant was represented by two defense lawyers at trial, and his claims pertain to both counsel.

because they failed to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), regarding statements made in the probable cause affidavit supporting a search warrant. Applicant also alleges counsel failed to adequately investigate or hire an expert to evaluate "historical call detail records." Applicant further alleges counsel failed to request a "Daubert/Kelly hearing in order [to] have Agent Sedwick establish the authenticity of his testimony." Last, Applicant alleges counsel "failed to investigate in order to find out if the FBI in any of its trial appearances has ever provided any relevant technical or scientific studies to support its expert testimony."

The trial court has not entered findings of fact and conclusions of law addressing the validity of Applicant's claims for relief in this case. However, the State responds, in pertinent part:

> The State recognizes that further evidence regarding trial counsels' representation may be needed. To that end, the State requests that the Court obtain an affidavit from Applicant's trial attorneys, Scottie Allen and Chris Knox, to provide the information needed to dispose of Applicant's claims. The State further requests that this Court issue an order designating issues regarding Applicant's ineffective assistance of counsel allegations. Pending production of evidence substantiating Applicant's ineffective assistance of counsel claims, the State denies Applicant's allegations.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish